AARON M. CLEFTON, Esq. (SBN 318680)
REIN & CLEFTON, Attorneys at Law
1423 Broadway #1133
Oakland, CA  94612
Telephone:     510/832-5001
Facsimile:      510/832-4787
info@reincleftonlaw.com

Attorneys for Plaintiff
GARETT BOX

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARETT BOX,<br><br>    Plaintiff,<br><br>    v.<br><br>PORTERVILLE UNIFIED SCHOOL DISTRICT,<br><br>    Defendant. | CASE NO.<br>Civil Rights<br><br>**COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES:**<br><br>**1. Violations of Americans with Disabilities Act of 1990 (42 U.S.C. § 12101** *et seq.***)**<br><br>**2. Violation of the California Disabled Persons Act (Cal. Civil Code § 54** *et seq.***)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff GARETT BOX complains of Defendant PORTERVILLE UNIFIED SCHOOL DISTRICT and each of them, and allege as follows:

1. **INTRODUCTION:** Defendant denied disabled Plaintiff Garett Box, who uses a wheelchair, accessible paths of travel to the restrooms and concessions stand at the stadium known as the Jacob Rankin Stadium located at 1701 E. Putnam Ave, Porterville, California 93257, California. The barriers to access created and maintained by Defendant at the Stadium caused Plaintiff great difficulty, discomfort, and embarrassment.

2. There are no properly accessible disabled paths of travel to the restroom, snack bar, and throughout the stadium. On the visitor's side bleachers at Jacob Rankin Stadium, there is no direct accessible path of travel from the seating in the bleachers to the restrooms and concessions area that does not require the use of stairs. Once inside the stadium all paths of travel

1

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

inside the stadium to the amenities like the snack bar and restrooms require guests to traverse stairs.  As a wheelchair user, in order to reach the restrooms and concessions area, Plaintiff must either exit the stadium entirely and request assistance from Porterville Unified School District employees to unlock two separate gates leading to the lower restroom and concessions area, or travel around the football field to the "home" side of the stadium via an inaccessible, steep ramp with no handrails to use the restrooms on the opposite side of the football stadium.  This Hobson's choice is one Plaintiff should not have to make.

3. Plaintiff's discriminatory experience was caused by Defendant's inaccessible conditions, and unlawful construction and alteration policies and practices.  Plaintiff seeks to obtain legally required access improvements at this Stadium, and compensation for the humiliation, disappointment, and discrimination he suffered as a result of his denial of access.

4. Plaintiff was denied his rights to full and equal access at these facilities and was denied his civil rights under both California law and federal law. He continues to have his rights denied because these facilities were not, and are not now, properly accessible to physically disabled persons, including those who use wheelchairs.  Plaintiff seeks injunctive relief to require Defendant to provide physical access to persons with mobility impairments as required under federal and state laws that mandate public accommodations be made accessible to and useable by disabled persons.  Plaintiff also seek recovery of damages for his discriminatory experiences and denial of access and of civil rights, which denial is continuing as a result of Defendant's failure to provide disabled accessible facilities.  Plaintiff also seeks recovery of reasonable statutory attorney fees, litigation expenses and costs, under federal and state law.

5. **JURISDICTION:** This Court has jurisdiction of this action pursuant to 28 USC section 1331 for violations of the Americans with Disabilities Act of 1990, 42 USC 12101 *et seq*. Pursuant to pendant jurisdiction, attendant and related causes of action arising from the same facts are also brought under California law, including but not limited to violations of California Government Code sections 4450 *et seq.*; California Civil Code sections 51, 52, 54, 54.1, 54.3; and Title 24, California Code of Regulations, the State Building Code.

6. **VENUE:** Venue is proper in this court pursuant to 28 USC § 1391(b) and is

founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's causes of action arose in this district.

7. **INTRADISTRICT:** This case should be assigned to the Fresno Division as the real property which is the subject of this action is located in this intradistrict and Plaintiff's causes of action arose in this intradistrict.

8. **PARTIES:** Plaintiff Garett Box is a "qualified" physically disabled person who uses a wheelchair for ambulation due to paraplegia. He is a medically retired corrections officer who lives in Tulare County. In 2009 Plaintiff was injured in an accident involving an all-terrain vehicle which left him paralyzed at T9. He has no feeling below his chest, and he now uses a manual wheelchair for ambulation. Due to his injury, Plaintiff uses a urostomy bag for urination. The urostomy bag must be emptied regularly, every two hours at most, or it will leak. He owns a disabled licensed vehicle which entitles him to park in a properly configured disabled accessible parking space. He has been issued a California state placard for disabled parking. Plaintiff requires parking places which are properly disabled accessible, and which are located on an accessible path of travel and as close as possible to the public entryways to public facilities where he recreates and/or conducts business.

9. In late October of 2022 and again on May 30, 2024, and on information and belief continuing on a daily basis to date, Plaintiff was denied his right to full and equal access at Jacob Rankin Stadium and was denied his civil rights under both California law and federal law, as herein below described, because these facilities were not, and are not now, properly accessible to physically disabled persons with mobility disabilities. Due to physically inaccessible facilities and/or policies created and maintained by Defendant which have failed to reasonably accommodate the needs of physically disabled persons, Plaintiff is deterred from returning to the Stadium.

10. Defendant Porterville Unified School District was and is the owner, operator, lessor, and lessee of the properties, facilities and/or portions thereof located at 1701 E. Putnam Ave, Porterville, California 93257, known as Jacob Rankin Stadium, at all times relevant to this complaint. All such facilities constitute public accommodations subject to the requirements of

California Government Code sections 4450 *et seq.*, and of California Civil Code sections 51 *et seq.* and sections 54 *et seq.* On information and belief, these facilities have, since July 1, 1970, undergone construction and/or "alterations, structural repairs, or additions" subjecting such facility to disabled access requirements per California Government Code sections 4450 *et seq.* Construction and alterations which occurred from January 1, 1968 – July 1, 1982 were subject to the ASA or "ANSI" Regulations. On information and belief, alterations since July 1, 1982 also subjected the facilities to requirements of California's Title 24, the State Building Code, and, since January 26, 1993, section 12183(2) of the Americans With Disabilities Act of 1990 (ADA). Further, as a governmental entity Defendant is and was also subject to the programmatic requirements of the ADA, Title II, section 12131 *et seq.* 42 U.S.C. sections 12132 *et seq.*, and all were subject to the non-discrimination provisions of California's Title 24, and of the ADA, and of the ADAAG and Department of Justice regulations adopted to enforce the ADA. 42 U.S.C. sections 12133 *et seq*.

11. Plaintiff's civil rights were violated under federal and California law, and will continue to be violated until Defendant carries out its duties under the Title II of the Americans with Disabilities Act of 1990 and of California law, including California Government Code sections 4450 *et seq.*, and California Civil Code sections 54, 54.1, and 54.3  Defendant must be ordered by the Court to provide adequate disabled access to allow disabled persons full and equal access to the Jacob Rankin Stadium and its facilities.

12. **GOVERNMENT CLAIM**: On or about July 18, 2024, Plaintiff made a timely claim to the Porterville Unified School District, a government entity. Plaintiff received no response from Defendant to his government claim. Therefore, Plaintiff's claim was deemed rejected by operation of law on September 2, 2024.

13. **FACTUAL STATEMENT**: Plaintiff is a football enthusiast. He played football in high school, he has season tickets for the California State University, Fresno football team, and he is one of the football coaches for the Porterville Unified School District. Plaintiff has been involved in the football program at the Porterville Unified School District as a coach since at least 2004.

14. In addition to coaching football, Plaintiff also attends football games and other events related to Porterville Unified School District at Jacob Rankin Stadium. As a long-time member of the community, Plaintiff is friendly with many of the students that play football and their parents. In late October of 2022, for instance, Plaintiff went to Jacob Rankin Stadium to attend a football game between Granite Hills High School and Strathmore High School. He attended the game to watch the son of a close friend and football coach. Plaintiff had known the child since he was 2 years old, and the child was a senior that year. This was the only game Plaintiff was going to be able to watch during his friend's son's last season of playing high school football, so if was very important to him to attend the game.

15. Plaintiff drove his vehicle to Jacob Rankin Stadium to attend the football game with another close friend. He parked on the visitors' side of the stadium, since he was cheering for the visiting team. The designated accessible parking spaces were already occupied when he arrived, so Plaintiff parked in a standard parking space. Based on his knowledge of access at Jacob Rankin Stadium, Plaintiff knew that there was no accessible path of travel from the visitor's side bleachers to the restroom, so he emptied his urostomy bag in his truck right before he entered the stadium to mitigate any harm to himself that he could under the circumstances.

16. Plaintiff then entered the stadium. He sat in the accessible seating during the game with his friend in the companion seating. During the game, Plaintiff had to rely on his friend to purchase him snacks from the concessions area due to the lack of an accessible path of travel. Plaintiff also was unable to use the restroom during the game due to the lack of an accessible path of travel. The only path connecting the accessible seating on the interior of the Stadium requires traversing stairs, which Plaintiff cannot do. The only alternative is to leave the Stadium entirely, travel down a vehicular right of way, open a locked gate, then continue to the restrooms and concessions.

17. Jacob Rankin Stadium was newly built and opened in 2003, well after the passage of the Americans with Disabilities Act and analogous state laws. In 2023 the stadium underwent a subsequent $8.5 million dollar renovation. Following his experience at the football game in October 2022 and before the renovations had begun, Plaintiff spoke with the project manager of

1  the stadium renovation about the access issues he had experienced. On October 26, 2022,
2  Plaintiff informed the project manager of the lack of accessible path of travel to the restrooms and
3  concessions stand on the visitors' side of the stadium. Plaintiff even offered a potential solution
4  to fix the issue of a switch back path so the hill would be manageable for disabled persons. The
5  project manager scoffed at Plaintiff's idea and wrote it off as too expensive at a cost of around
6  $50,000, however according to public sources, the project budget was $8.5 million. Plaintiff was
7  extremely disappointed with this response, and felt embarrassed for having to ask something so
8  obvious that should have been required.

9        18.    On May 30, 2024, Plaintiff returned to Jacob Rankin Stadium to attend the
10  graduation ceremony for a close friend. He had been invited to the graduation ceremony by the
11  graduate himself, so Plaintiff felt that it was important for him to attend the ceremony. Plaintiff
12  drove his vehicle to graduation and parked his vehicle in a designated accessible parking space on
13  the visitors' side of the stadium. Again, Plaintiff waited until right before the ceremony began to
14  empty his urostomy bag in his vehicle, so that he would be less likely to need to use the restroom
15  while he was at the ceremony.

16        19.    After emptying his urostomy bag, around 6:45 pm, Plaintiff exited his vehicle and
17  went to the entrance of the visitors' side of the stadium to find his seat. He sat in the accessible
18  seating that was around the 30 yard-line of the football field. Plaintiff enjoyed the first part of the
19  ceremony, and then he began to feel his urostomy bag getting full. At around 8:00 pm, Plaintiff
20  left his seat to use the restroom. He exited the stadium and went towards the restroom, including
21  traversing the vehicular right of way, but he found that, as usual, the gate to the restroom way was
22  locked. Plaintiff could feel that his urostomy bag was getting very full, so he frantically looked
23  around for an employee who could open the two locked gates so that he could get to the restroom,
24  but he could not find anyone.

25        20.    Plaintiff could tell that the urostomy bag was on the verge of leaking, so he
26  decided to leave the graduation ceremony to empty it in his truck. Plaintiff missed seeing his
27  friend's child graduate. The experience was upsetting, humiliating, and uncomfortable for
28  Plaintiff. Disabled guests of Jacob Rankin Stadium deserve the opportunity to access the

restrooms and concession stand easily and independently just as abled-bodied guests do. Defendant should have never built the Stadium this way, and surely should have remedied this issue during the 2023 renovation, but since they failed to do so, they *must* remedy these access issues now.

21. Plaintiff intends to return to Jacob Rankin Stadium to watch football games and participate in other school district events. However, without accessible paths of travel and accessible feature, Plaintiff cannot safely return to enjoy those facilities until Defendant provides accessible facilities pursuant to the ADA and Department of Justice guidelines.

22. These barriers to access are listed without prejudice to Plaintiff citing additional barriers to access by an amended complaint after inspection by Plaintiff's access consultant. *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903 (9th Cir. 2011); *Doran v. 7-Eleven, Inc.* 524 F.3d 1034 (9th Cir. 2008); *Chapman v. Pier One Imports (USA), Inc.*, 631 F.3d 939 (9th Cir. 2011). All of these barriers to access render the premises inaccessible to physically disabled persons who are mobility impaired, such as Plaintiff, and are barriers Plaintiff may encounter when he returns to the premises, which he expects and intends to do once proper disabled access is provided. All facilities must be brought into compliance with all applicable federal and state code requirements, according to proof.

**FIRST CAUSE OF ACTION:**
**DISCRIMINATION VIOLATING TITLE II OF THE AMERICANS WITH DISABILITES ACT OF 1990**

23. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 22, above, and incorporates them herein by reference as if separately repled hereafter.

24. At all times herein mentioned, Plaintiff was entitled to the protections of the "Public Services" provisions of Title II of the ADA, Subpart A, which prohibits discrimination by any public entity as defined by 42 USC section 12131. Pursuant to 42 USC 12132, section 12132 of Title II, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the "services, programs or activities" of a public entity, or be subjected to discrimination by such entity. Plaintiff was at all times relevant herein a

qualified individual with a disability for all purposes under the ADA.

25. In violation of Title II of the ADA, Defendant has failed to ensure that individuals with physical disabilities such as Plaintiff herein are not excluded from "services, programs and activities" at the subject facilities and property. By reason of Defendant's failure to remove architectural barriers to access at the subject facilities so as to render them "accessible to and useable by" mobility impaired persons, despite actual notice of the inaccessible conditions, and by its policy decisions as above-described, including acts and omissions by any predecessors in interest, Defendant has discriminated against Plaintiff in violation of Title II of the ADA and the regulations adopted to implement the ADA. With relation to damages claimed under Title II of the ADA, each such instance of discrimination is alleged to have been intentional and/or has been created and maintained with deliberate indifference to the effect upon Plaintiff and other similarly disabled persons. Further, Defendant continues to maintain the barriers to access at the Stadium despite notice from Plaintiff of those barriers through his discussions with Defendant's representative and his government claim, and Defendant refused to engage in any pre-litigation discussions with Plaintiff to remedy those barriers to access. Also, all such facilities constructed or altered in any way since 1968 were also altered in violation of California Government Code section 4450*ff*, regardless of whether maintenance of the facilities was intentional or not and in violation of section 12183(a)(2) of the ADA for alterations after 1992.

26. As a result of such intentional discrimination, in violation of section 12132 of the ADA, Plaintiff is entitled to the remedies, procedures and rights set forth in section 505 of the Rehabilitation Act of 1973 (29 USC 794a), as provided by section 12133 of the ADA.

27. On information and belief, to the date of filing of this Complaint, Defendant has failed to make the facilities and property as described herein accessible to and usable by physically disabled persons, as required by law, and have failed to adopt policies to assure that disabled persons are provided full and equal access.

28. Plaintiff requests that an injunction be ordered requiring that Defendant make all such facilities and properties herein described accessible to and usable by mobility impaired disabled persons.

29. Plaintiff requests an award of appropriate damages, and of reasonable attorneys' fees, litigation expenses, and costs, all as provided by law.

## SECOND CAUSE OF ACTION:
### VIOLATION OF CALIFORNIA LAW INCLUDING CIVIL CODE §§ 54 and 54.1 GOVERNMENT CODE §§ 4450, *et seq.*, AND THE AMERICANS WITH DISABILITIES ACT AS INCORPORATED BY CIVIL CODE §§ 54(c) and 54.1(d)

30. Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the factual allegations contained in Paragraphs 1 through 29 of this Complaint and incorporates them herein as if separately re-pleaded.

31. At all times relevant to this Complaint, California Civil Code section 54(a) has provided that:

> (a) Individuals with disabilities or medical conditions have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, . . . public facilities and other public places.

Emphasis added.

32. At all times relevant to this Complaint, California Civil Code section 54.1 has provided that physically disabled persons are not to be discriminated against because of physical handicap or disability in the use of a public accommodation:

> . . . [P]hysically disabled persons shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities and privileges of all common carriers, airplanes, motor vehicles. . . or any other public conveyances or modes of transportation, telephone facilities, hotels, lodging places, places of public accommodation, and amusement or resort, and other places to which the general public is invited, subject only to the conditions or limitations established by law, or state or other federal regulations, and applicable alike to all other persons.

The discrimination by Defendant against Plaintiff on the basis of Plaintiff's disability constitutes a violation of the general anti-discrimination provision of Civil Code sections 54 and 54.1.

33. Plaintiff is informed and believes and therefore alleges that the specified public facilities are structures or related facilities within the meaning of California Government Code sections 4450 and 4451. Plaintiff is further informed and believes and therefore alleges that Defendant has constructed, altered, or repaired relevant portions of the subject public property, structure and facilities since November 13, 1968 within the meaning of Government Code

1   sections 4450, *et seq.*, including section 4456, thereby requiring provision of access to persons
2   with disabilities, as required by law. The actions and omissions of Defendant as herein alleged
3   constitute a denial of access to and use of the described public facilities by physically disabled
4   persons within the meaning of Government Code sections 4450, *et seq*. As a proximate result of
5   Defendant's actions and omissions, said Defendant has discriminated against Plaintiff in violation
6   of Government Code sections 4450, *et seq.*, and of the Title 24-2 regulations adopted to
7   implement sections 4450ff since 1982. Each violation of sections 4450, *et seq.* constitutes a
8   violation of Civil Code sections 54 and 54.1.

9       34.    Any violation of the Americans With Disabilities Act of 1990 (as pled in the First
10  Cause of Action) also constitutes a violation of sections 54 (c) and 54.1(d) of the California Civil
11  Code, thus independently justifying an award of damages and injunctive relief pursuant to
12  California law. Plaintiff alleges that he has been denied such full and equal access as required by
13  California law which incorporates Title II of the ADA, including but not limited to 42 USC
14  sections 12132, 12133 and 12134, including regulations.

15      35.    Plaintiff has no adequate remedy at law and, unless the relief requested herein is
16  granted, Plaintiff and other disabled persons will continue to suffer irreparable harm as a result of
17  Defendant's failure to fulfill their obligations to provide meaningful access to the subject public
18  facilities.

19      36.    Wherefore Plaintiff asks this Court to preliminarily and permanently enjoin any
20  continuing refusal by Defendant to grant full and equal access to Plaintiff in the respects
21  complained of and to require Defendant to comply forthwith with the applicable statutory
22  requirements relating to access for disabled persons. Such injunctive relief is provided for a
23  violation of California Government Code sections 4450, *et seq.*, for causing a denial of rights by
24  disabled persons, by California Civil Code sections 54, *et seq.* Civil Code section 54.3 provides
25  that any person or corporation who denies or interferes with admittance to or enjoyment of the
26  public facilities as specified in sections 54 and 54.1 or otherwise interferes with the rights of an
27  individual with a disability is liable for each offense for the actual damage and any amount as
28  may be determined by a court or jury. Plaintiff alleges that Defendant failed to provide legally

required access at the Stadium and related facilities as a violation on each specified day they attempted to access the services and facilities provided by Defendant, or was deterred from attempting such access and further requests that the Court award damages pursuant to Civil Code section 54.3 and attorney fees, litigation expenses and costs pursuant to Government Code sections 4450, *et seq.*, Civil Code §§ 54.3, California Code of Civil Procedure § 1021.5 and other law, all as hereinafter prayed for.

37.     **DAMAGES:** As a result of the denial of equal access to these facilities and due to the acts and omissions of Defendant in owning, operating, leasing, constructing, altering and/or maintaining the subject facilities, Plaintiff has suffered multiple violations of his civil rights, including but not limited to rights under Civil Code sections 54 and 54.1, all to his damages per Civil Code section 54.3, as hereinafter stated.  Defendant's actions and omissions to act constitute discrimination against Plaintiff on the sole basis that he was and is physically disabled and unable, because of the architectural barriers created and/or maintained by Defendant in violation of the subject laws, and/or due to said Defendant's policy violations of Civil Code sections 54 and 54.1, to use this public facility on a full and equal basis as other persons.

38.     **FEES AND COSTS:** As a result of Defendant's acts, omissions and conduct, Plaintiff has been required to incur attorney fees, litigation expenses and costs as provided by statute in order to enforce Plaintiff's rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons.  Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses and costs pursuant to the provisions of California Civil Code sections 54.3.  Additionally, Plaintiff's lawsuit is intended to require that Defendant make its facilities and policies accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure section 1021.5 and other applicable law.

WHEREFORE, Plaintiff prays the Court grant relief as requested below.

## **PRAYER FOR RELIEF**

Plaintiff has no adequate remedy at law to redress the wrongs suffered as set forth in this Complaint.  Plaintiff has suffered and will continue to suffer irreparable injury as a result of the

unlawful acts, omissions, policies, and practices of the Defendant as alleged herein, unless Plaintiff is granted the relief he requests. Plaintiff and Defendant have an actual controversy and opposing legal positions as to Defendant's violations of the laws of the United States and the State of California. The need for relief is critical because the rights at issue are paramount under the laws of the United States and the State of California.

WHEREFORE, Plaintiff Garett Box prays for judgment and the following specific relief against Defendant:

1. Issue a preliminary and permanent injunction directing that Defendant Porterville Unified School District as owner and/or operator of subject premises, and alternatively, as governmental agencies subject to Title II of the ADA, to modify the above described facilities at the property and other non-conforming facilities and related described facilities, and make appropriate policy changes, so that Plaintiff and similarly situated persons with disabilities may obtain the benefits of, and access to, Defendant's "programs, services and activities" in a "full and equal" manner as required by law; to properly *maintain* such accessible facilities once they are provided.

2. Retain jurisdiction over the Defendant until such time as the Court is satisfied that Defendant's unlawful policies, practices, acts and omissions, and maintenance of physically inaccessible public facilities and policies as complained of herein no longer occur, and cannot recur;

3. Award to Plaintiff all appropriate damages, including but not limited to statutory damages, general damages in amounts within the jurisdiction of the Court, all according to proof;

4. Award to Plaintiff all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law; and

5. Grant such other and further relief as this Court may deem just and proper.

Date: October 1, 2024                           REIN & CLEFTON

     */s/ Aaron M. Clefton*
By AARON M. CLEFTON, Esq.
Attorney for Plaintiff
GARETT BOX

**JURY DEMAND**

Plaintiff hereby demands a trial by jury for all claims for which a jury is permitted.

Date: October 1, 2024					REIN & CLEFTON


						    */s/ Aaron M. Clefton*
						By AARON M. CLEFTON, Esq.
						Attorney for Plaintiff
						GARETT BOX